**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEDIDIAH W. BRAUNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-827-PRW |
| | ) | |
| DARRELL D. PRICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff filed a Complaint (Dkt. 1) on August 12, 2024. Since 2024, Plaintiff has taken no action to further his case. He has not requested summonses, nor has he provided proof of service, as required by Federal Rule of Civil Procedure 4. The Court ordered Plaintiff to show cause on or before July 9, 2025, why this action should not be dismissed for failure to timely effect service and failure to prosecute.

Federal Rule of Civil Procedure 4(m) gives plaintiffs 90 days to effect service on all defendants. Failure to comply with this deadline may result in dismissal of "the action without prejudice against that defendant[.]"[1] The Court must extend a plaintiff's time for service if the plaintiff shows good cause.[2]

Additionally, under Rule 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." This rule "has long been

[1] Fed. R. Civ. P. 4(m).

[2] *Id.*

interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[3] Indeed, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."[4]

On June 10, 2025, the Court directed Plaintiff to show cause as to why this action should not be dismissed for failure to timely effectuate service pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff has filed no response to the Court's Order, nor has he filed any proof of service as to Defendants. Because Plaintiff has failed to show good cause, he is not entitled to a mandatory extension of time within which to effectuate service.[5] Additionally, it appears that the statute of limitations applicable to at least some of Plaintiff's claims has run, but there is no indication that Plaintiff was unable to serve Defendants, as he listed addresses for all of them in his Complaint and none appear to be entities requiring complicated means for effectuating service.[6] Upon consideration of the *Espinoza* factors and other policy considerations, the Court finds that a permissive extension is not warranted.[7]

---

[3] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[4] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

[5] *See id.*; *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[6] *See* O.S. § 95(A)(3). Plaintiff's claim is one for conversion, which under Oklahoma law has a two-year statute of limitations. Plaintiff represents that the conversion occurred on September 8, 2023, therefore the statute of limitations ran on September 8, 2025.

[7] *See Espinoza*, 52 F.3d at 842.

Because dismissal of some of Plaintiff's claims would effectively function as dismissal with prejudice,[8] the Court also considers the *Ehrenhaus* factors. Before imposing "the ultimate sanction of dismissal," district courts should consider:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[9]

Dismissal is only an appropriate sanction "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits[.]"[10]

Having considered the circumstances in light of the *Ehrenhaus* factors, the Court finds that dismissal is also appropriate under Rule 41(b). The first two factors are relatively neutral considering Defendants have not been served and have not expended resources to defend the action. The third and fourth factors, however, weigh against Plaintiff. Plaintiff initiated this action on August 12, 2024. After the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. 2) on February 2, 2025, it has essentially been stalled because of Plaintiff's inaction—indeed, because Plaintiff has failed to properly serve Defendants, the case has been unable to proceed past the pleadings stage. Additionally, Plaintiff was expressly ordered to show cause as to why Defendants have not been served but failed to respond or take any action. Lastly, it does not appear that lesser sanctions would be productive considering that Plaintiff failed to respond to the Court's

---

[8] *See Davis v. Miller*, 571 F.3d 1058, 1061 n.2 (10th Cir. 2009).

[9] *Id.* at 1061 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)).

[10] *Ehrenhaus*, 965 F.2d at 921.

show cause order and has taken no action to further his case since being granted leave to proceed *in forma pauperis* on February 25, 2025.

Because Plaintiff has failed to comply with the Federal Rules of Civil Procedure or with the Court's Order to show cause for his failure to do so, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 12th day of August 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE